UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
ROBERTO VALDEZ-MENDOZA,
RAMON E. VALDEZ-MENDOZA

                Plaintiff,                       MEMORANDUM AND ORDER
                                                     15-CV-7261

     - against –


JOVANI FASHION LTD.,
S&A MANUFACTURING, LLC

                Defendants.
-----------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiffs Roberto Valdez-Mendoza ("Roberto") and Ramon Valdez-Mendoza ("Ramon,"

together the "Plaintiffs") bring claims against Defendants Jovani Fashion Ltd. ("Jovani") and

S&A Manufacturing, LLC ("S&A," together the "Defendants") for wage and hour violations

under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Before the

Court is Defendants' unopposed motion to dismiss the complaint and compel arbitration pursuant

to arbitration agreements signed by the Plaintiffs.  Determination of this motion has been held in

abeyance in view of docket sheet entries indicating that the parties were pursuing a settlement.  It

appearing that those discussions were not fruitful, the Court now addresses the motion.

## BACKGROUND

       Jovani is a dress manufacturer located in New York City.  ECF 13-2 at ¶ 2.  S&A is a

wholly-owned subsidiary of Jovani that handles the packing and shipping of Jovani products.

ECF 13-2 at ¶ 3-4.  Defendants employed Plaintiffs to perform various duties in their warehouse.

ECF 1 ("Compl.") at ¶ 21, 45.  Roberto was employed from January 2010 to August 22, 2014.

Id. at ¶ 19.  Ramon was employed from October 2013 to July 31, 2015.  Id. at ¶ 43.

There are two arbitration agreements that were effective at various times during the Plaintiffs' employment (together, the "Agreements"). The first appears on what seems to be the last page of the Jovani employee handbook. In bold letters at the top of the document, it reads "Agreement to Arbitration." The document provides, in relevant part:

> I hereby agree that any claim or controversy arising out of or relating to my employment by the company, including any compensation or the termination of my employment shall be submitted to arbitration to be held in New York County, New York State by and in accordance with the rules then in effect of the American Arbitration Association . . . This arbitration agreement applies (but is not limited to) to statutory discrimination, harassment, retaliation, whistleblower . . . the Fair Labor Standards Act, and any other federal, state or municipal discrimination, wage payment, whistleblower or fair employment practices law, statute or regulation, or common law. I understand and agree that by entering into this agreement, I am waiving any right to file a lawsuit or to have a jury trial over any claim covered by this agreement, any right to bring or litigate any such claim as a class or collective action, and any right to act as a class representative or to participate as a member of a class of claimants with respect to any such claim.

ECF 13-3, Exhs 1, 3. Roberto signed this document on May 26, 2011. Id. at Ex. 1. Ramon signed it on November 4, 2013. Id. at Ex. 3.

On February 7, 2014, a second arbitration agreement was executed. This agreement appears on pages 3-4 of the Jovani employee handbook under the heading "Arbitration." ECF 13-3 at ¶ 9. It provides, in relevant part:

> Any dispute associated with employment, termination of your employment, discrimination, or harassment will qualify for arbitration resolution. This arbitration shall be the exclusive means of resolving any dispute arising out of employment or termination . . . In addition, both Jovani Fashions Ltd and the employee agree that arbitration will be used in lieu of civil court action regarding the dispute. . . The cost of the arbitrator is to be shared among the parties equally.

Id. at Ex. 6. Both Plaintiffs signed forms acknowledging receipt of that employee handbook on February 7, 2014. Id. at Exhs 4, 5.

Plaintiffs initiated the instant action against Defendants, alleging 1.) failure to pay overtime wages in violation of the FLSA and NYLL, 2.) violation of the New York Wage Theft

Prevention Act, 3.) retaliation under the FLSA and NYLL, 4.) conversion, and in the alternative, 5.) unjust enrichment. Compl. at pp. 15-20. Defendants moved to dismiss and compel arbitration on March 30, 2016. ECF 13.

## DISCUSSION

A. Motion to Compel

It is well-established that federal public policy strongly favors arbitration. See e.g. Holick v. Cellular Sales of N.Y., LLC, 802 F.3d 391, 395 (2d Cir. 2015). To that end, the Federal Arbitration Act ("FAA") requires a federal court to enforce an arbitration agreement and to stay (or dismiss) litigation that contravenes it. 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987) (citations and quotations omitted).

To determine whether arbitration should be compelled, this Court must assess (1) whether the parties agreed to arbitrate; (2) whether the asserted claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended such claims to be non-arbitrable; and (4) if only some of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration. Id.; see also Bynum v. Maplebear Inc., 15-CV-6263, 2016 WL 5373643 at *5 (E.D.N.Y. Sep. 19, 2016). Once satisfied that "the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Plaintiffs do not oppose Defendants' motion and have failed to indicate any reason why their claims should not be arbitrated. Because the Genesco factors are easily satisfied, Defendants' motion to compel is granted.

1. *Agreement to Arbitrate*

Arbitration is a matter of contract. As with all contracts, an arbitration agreement is not enforceable if "grounds exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Court looks to state contract law to determine the enforceability of an arbitration agreement. Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel, 346 F.3d 360, 364 (2d Cir. 2003). New York law governs here.[1]

All evidence indicates that a valid arbitration agreement existed between the parties. Defendants submit signed copies of two arbitration agreements, the first of which was directly signed by each of the Plaintiffs and the second of which appeared in the employee handbook, receipt of which was confirmed by each Plaintiff on signed acknowledgement forms. "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000). There is no reason to doubt the validity of the arbitration agreements, which appear to be enforceable on their face.[2]

---

[1] There is no choice of law clause in the Agreements. However, both parties are located in New York, the Plaintiffs were employed in New York, one agreement names New York as the arbitral location, the Plaintiffs allege violations of New York labor law and the Defendants cite New York law in their papers. See e.g. Torres v. Major Auto. Grp., No. 13-CV-0687, 2014 WL 4802985, at *5 (E.D.N.Y. Sept. 25, 2014) (applying New York law where parties were from New York, the contracts at issue were signed in New York and no party argued to apply another state's law).

[2] In their Memorandum of Law, Defendants note that S&A is not a party to either of the arbitration agreements, but correctly argue that equitable estoppel operates to allow S&A to compel Plaintiffs to arbitrate. ECF 13-1, pp. 11-12. (continued)

## 2. Scope

A court may only compel arbitration of disputes that the parties have agreed to submit to arbitration. Holick, 802 F.3d at 395; Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 299 (2010). The presumption of arbitrability "is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Holick, 802 F.3d at 395 (internal quotations omitted).

It is clear that the Agreements contemplate the dispute at issue here. Plaintiffs assert claims related solely to their employment. See generally Compl. These claims fall squarely within the scope of the Agreements, which apply to all disputes related to Plaintiffs' employment. ECF 13-3, Exhs. 1, 3, 6.

## 3. Arbitrability of Statutory Claims

Arbitration agreements must be enforced with respect to statutory claims, unless the "FAA's mandate has been overridden by a contrary congressional command." American Express Co. v. Italian Colors Restaurant, 133 S.Ct. 2304, 2309 (2013). No such "contrary congressional command" exists in the FLSA context. Rather, "valid arbitration agreements

---

(continued)

> [S]ignatories to an arbitration agreement can be compelled to arbitrate their claims with a non-signatory where a careful review of the relationship among the parties, the contracts they signed [], and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.

Denney v. BDO Seidman, L.L.P., 412 F.3d 58, 70 (2d Cir. 2005) (citing cases); see also Diaz v. Michigan Logistics Inc., 167 F. Supp. 3d 375, 382 (E.D.N.Y. 2016) (same). Although a non-signatory to the Agreements, the equitable estoppel doctrine allows S&A to compel Plaintiffs to arbitrate. The Complaint acknowledges that "S&A is a joint-employer, subsidiary, closely related entity and/or affiliate" of Jovani (Compl. at ¶ 16), and that "S&A issued payroll checks to Plaintiffs, who were employees of Jovani." Compl. at ¶ 17. The Complaint consistently references the "Defendants," without differentiating between Jovani and S&A. See generally Compl. The issues that S&A wishes to resolve through arbitration are identical to those that Jovani wishes to resolve.

subjecting individual FLSA claims to arbitration must be enforced in accordance with the FAA." Bynum, 2016 WL 5373643 at *10-11 (collecting cases). Claims brought under the New York Labor Law are similarly arbitrable. Michel v. Parts Auth., Inc., No. 15-CV-5730, 2016 WL 5372797, at *4 (E.D.N.Y. Sept. 26, 2016).

Here, there is a valid agreement to arbitrate, and all of the claims at issue are arbitrable and within the scope of that agreement. The Court need not address the fourth Genesco factor, as the parties must proceed to arbitration on all claims in accordance with the Agreements.

B. Motion to Dismiss

Section 3 of the FAA "mandate[s] a stay of proceeding when all of the claims in an action have been referred to arbitration and a stay requested." Katz v. Cellco Partnership, 794 F.3d 341, 343 (2d Cir. 2015) citing 9 U.S.C. § 3. Section 3 does not apply if a stay is not requested. Benzemann v. Citibank N.A., 12-CV-9145, 2014 WL 2933140, at *10 (S.D.N.Y. June 27, 2014), aff'd in relevant part, 622 F. App'x 16 (2d Cir. 2015) (dismissing all claims that were referred to arbitration where a stay was not requested). Here, no party has requested a stay. There are no grounds to deny Defendants' motion to dismiss, and because this Court "enjoy[s] an inherent authority to manage [its] docket," Defendants' motion to dismiss is granted. Katz, 984 F.3d at 346.

## CONCLUSION

For the reasons stated herein, the Defendants' motion to dismiss the complaint is granted and the parties are directed to proceed to arbitration in accordance with the Agreements.

SO ORDERED.

Dated:     Brooklyn, New York
           February 7, 2017                    _____/s/_____
                                               I. Leo Glasser